UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4917**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

EMILIO MOLINA,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (0:07-cr-00043-CMC-1)

Submitted:  June 9, 2008                Decided:  July 10, 2008

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant.  Robert Frank Daley, Jr., Assistant United States Attorney, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emilio Molina pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). The district court sentenced Molina to 121 months of imprisonment. On appeal, counsel filed an Anders[1] brief in which she states there are no meritorious issues for appeal, but questions whether the district court erred in determining the drug quantity attributed to Molina and in converting the quantities of actual methamphetamine and methamphetamine mixture to marijuana equivalents to determine Molina's offense level. Molina was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government waived the filing of a brief on appeal. We affirm.

In the presentence report (PSR), the probation officer concluded that Molina was responsible for 39.4 grams of actual methamphetamine and 456 grams of a mixture containing methamphetamine. These quantities yielded a marijuana equivalency of 1700 kilograms.[2] On appeal, counsel argues that, even though

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]The Guidelines equate one gram of actual methamphetamine to twenty kilograms of marijuana, while one gram of methamphetamine mixture is equivalent to two kilograms of marijuana. U.S.

- 2 -

Molina pleaded guilty to a conspiracy involving more than 500 grams of a mixture containing methamphetamine, he could not be guilty of that crime because the amount of methamphetamine mixture attributed to him for sentencing was less than 500 grams. Counsel also asserts that the district court erred in converting methamphetamine quantities into marijuana equivalency.

This court reviews the sentence imposed by the district court for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentence imposed within the properly calculated Guidelines range is presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). In considering the district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Molina does not specifically contest the drug quantities used in calculating his offense level. Such an argument would be meritless, as Molina specifically admitted involvement with this quantity of methamphetamine during the plea inquiry. To the extent Molina asserts a defect in the indictment or an inadequate factual basis for his guilty plea, these arguments are waived. A defendant

---

Sentencing Guidelines Manual (USSG) § 2D1.1, Drug Equivalency Tables (2006).

who pleads guilty waives "all non-jurisdictional defects, including the right to contest the factual merits of the charges." <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993) (internal citations and quotation marks omitted). In this case, the indictment validly charged an offense and the district court conducted a thorough inquiry pursuant to Federal Rule of Criminal Procedure 11 that verified that Molina's guilty plea was knowing and voluntary.

Molina was convicted and sentenced within the terms of the applicable statutory provision. The indictment charged Molina with possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. On this charge, Molina was subject to a punishment of not less than ten years to life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). Molina's sentence of 121 months of imprisonment is within this statutory range and the properly calculated Guidelines range.

Molina's claim regarding the conversion of drug quantities to marijuana equivalent is meritless. Counsel asserts that Molina was not involved in any transactions in marijuana, and should thus not be held responsible for that drug. Despite the district court's explanation, Molina misunderstands the Guidelines scheme for determining the offense level when different types of drugs are involved in a crime. The probation officer complied with

the Guidelines, which instruct that "[w]here there are multiple transactions or multiple drug types, the quantities of drugs are to be added. Tables for making the necessary conversions are provided below." USSG § 2D1.1 comment. (n.6).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Molina's conviction and sentence. This court requires that counsel inform Molina, in writing, of the right to petition the Supreme Court of the United States for further review. If Molina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Molina. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED